IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| **MELISSA MAHER**, <br>       Plaintiff, <br> vs. <br> **IOWA STATE UNIVERSITY**, <br>       Defendant. | No. 4:16-cv-00570-HCA <br><br> **MOTION FOR LEAVE TO AMEND ANSWER** |

Pursuant to Federal Rules of Civil Procedure 15 and 16, Defendant Iowa State University ("ISU") respectfully moves the Court for leave to file an amended answer outside the time specified for amended pleadings under the Court's Scheduling Order (Doc. 7). Specifically, ISU wishes to include in its Answer (Doc. 2) the additional affirmative defense that Plaintiff's claims are barred by the applicable statute of limitations. In support of this motion, ISU states the following:

1. Plaintiff initially filed this lawsuit in the District Court for Story County, Iowa, on September 9, 2016. ISU removed the case to this Court on October 26, 2016.

2. Plaintiff's petition was relatively short in length (5 pages of allegations) and alleged generally that ISU was deliberately indifferent to Plaintiff's report of a March 30, 2014 sexual assault committed by student P.W.

3. Plaintiff's Petition stated in narrative form a series of events and actions that commenced with her initial report of the sexual assault and continued into the fall of 2014 and through to early 2015.

4. The "counts" sections of Plaintiff's Petition, however, alleged only in general form that ISU denied Plaintiff "benefits" and was deliberately indifferent to her report because it allegedly "did not take reasonably acceptable steps to protect Maher" and its "steps to investigate" "took an unreasonable amount of time and played on the doubts and fears of the victim by suggesting that an allegation of sexual assault would not go well for her."

5. Due to the general nature of the allegations in the "counts" section of the Petition, it was not clear what specific alleged actions of ISU formed the basis of Plaintiff's deliberate indifference claim under Title IX, let alone which of those alleged acts Plaintiff knew or should have known about at the time. As a result of this uncertainty, ISU did not plead the affirmative defense of statute of limitations in its Answer, although it expressed its intent to "assert additional affirmative defenses as additional information comes to light." Doc. 2 at 5.

6. ISU took Plaintiff's deposition on Thursday, September 21, 2017, prior to the close of discovery, and received the transcript of Plaintiff's deposition on October 6, 2017.

7. Upon review of the transcript, it is now clear that Plaintiff predicates her claims on several alleged acts of ISU that she was aware of and that occurred in the spring and summer of 2014, more than two years prior to the September 9, 2016 date on which she filed her petition.

8. By way of example, Plaintiff claims that ISU employees should, as early as May 2014, have anticipated potential housing conflicts for the fall of 2014, and remedied them in advance. By way of further example, Plaintiff claims that certain ISU employees, in April and May 2014, attempted to "dissuade" Plaintiff from disclosing the alleged perpetrator's name in the spring of 2014 by describing the resulting investigation process as being difficult. In addition, Plaintiff claims that ISU should have completed its investigation of her report by the close of the summer of 2014, prior to the start of classes.

9. While ISU denies these allegations and will demonstrate on summary judgment that that no reasonable juror could find it acted with deliberate indifference, it is now clear that Plaintiff's claims also fail because the cause of action she is attempting to maintain accrued more than two years prior to the filing date of her Petition—the date of the operative statute of limitations.

10. Specifically, because Title IX does not itself contain an express statute of limitations, the Eighth Circuit has held that district courts considering a Title IX claim should borrow the state statute of limitations that applies generally to personal injury actions. *Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011) ("[T]his court has held that Title IX claims are also governed by the state's personal injury statute of limitations.").

11. Under Iowa law, the statute of limitations for personal injury actions is two years. Iowa Code § 614.1.2. Thus, Iowa's two year statute of limitations applies to Title IX claims. *See Schultzen v. Woodbury Cent. Cmty. Sch. Dist.*, 217 F.R.D. 469, 473 (N.D. Iowa 2003) (applying two year statute of limitation to Title IX claim).

12. Although Iowa's general personal injury statute of limitations supplies the statute of limitations, *federal law* governs when the statute of limitations accrues. *See Powell v. Tordoff*, 911 F. Supp. 1184, 1193-94 (N.D. Iowa 1995) ("Although courts may have to look to state law to determine the applicable statute of limitations period, federal law governs when a cause of action under a federal statute accrues."). In the Title IX deliberate indifference context, federal courts have held that the statute of limitations accrues when a plaintiff knows or should know of the alleged deliberately indifferent acts, "not upon the time at which the consequences of the acts become most painful." *See Samuelson v. Oregon State Univ.*, 162 F. Supp. 3d 1123,

1134 (D. Or. 2016); *see also King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 762 (5th Cir. 2015).

13. Because Plaintiff was allegedly aware of certain acts as early as the spring and summer of 2014 that she alleges commenced ISU's supposed deliberate indifference, her claim accrued in the spring of 2014. Yet, she did not file her petition until September 9, 2016, well over two years later.

14. The Court's scheduling order set an April 3, 2017 deadline for the filing of motions seeking leave to amend pleadings.

15. However, pursuant to Federal Rule of Civil Procedure 16(b)(4), the Court can modify that deadline on a showing of "good cause" and permit ISU to file a motion seeking leave to amend out of time. *See Fed. Ins. Co. v. Sammons Fin. Grp., Inc.*, 320 F.R.D. 192, 196 (S.D. Iowa 2013) ("This good cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order."). Although prejudice to the other party may be considered, the primary factor in determining the existence of good cause is whether the moving party exercised "diligence in attempting to meet the [scheduling] order's requirements." *Stanczyk v. Prudential Ins. Co. of Am.*, 2017 WL 89571, at *3 (N.D. Iowa 2017).

16. Here, good cause exists because ISU exercised reasonable diligence in discovering a basis for the statute of limitations defense and then moving promptly to seek leave. Specifically, ISU took Plaintiff's deposition on September 21, 2017, within the period for the parties to conduct discovery. The specific alleged acts that Plaintiff claims constitute deliberate indifference were unclear until Plaintiff's deposition. ISU received the transcript of Plaintiff's deposition on October 6, 2017, and, upon confirming Plaintiff's testimony that she was aware of, and premises her Title IX claim on, certain alleged acts of ISU that occurred prior to September

9, 2014, moved that same day for leave to assert the statute of limitations defense. This chain of events shows reasonable diligence. *See id.* at *3-4 (finding good cause to add affirmative defense after scheduling order deadline where defense was established through plaintiff's deposition testimony and defendant promptly moved thereafter for leave to amend).

17. Furthermore, there is no prejudice to Plaintiff by allowing this amendment. Those acts on ISU's part that Plaintiff believes constitute deliberate indifference have been known to Plaintiff all along. And it is Plaintiff's actual or constructive awareness of those acts that triggers accrual of the statute of limitations. Thus, Plaintiff cannot credibly claim she needs further discovery, or would have conducted different discovery, as a result of the statute of limitations defense. The defense turns exclusively on her allegations and the timing of the alleged conduct she complains of.

18. Similarly, whether the alleged acts of ISU that constitute deliberate indifference are barred by the statute of limitations is a purely legal question that the parties can brief in the context of summary judgment. Including the defense will not necessitate an extension of the discovery deadline, a modification of the dispositive motion deadline, or a rescheduling of the trial date.

19. Because there is good cause to permit ISU to file its motion for leave out of time, this Court should allow ISU to amend its answer as long as the generous standard for amendment in Rule 15 is satisfied. Under that standard, leave to amend should be "freely" granted unless there is "undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 394 (8th Cir. 2016).

20. As explained in reference to the good cause standard, ISU has not unduly delayed. The existence of the statute of limitations defense only became clear after Plaintiff's deposition, and ISU promptly moved for leave to amend. The defense is not asserted in bad faith; rather, as set forth above, Eighth Circuit precedent clearly supports imposition of a two year statute of limitations. ISU has not previously sought leave to amend its Answer and, therefore, there has not been a repeated failure to cure deficiencies. Moreover, there is no undue prejudice to the Plaintiff, because she has been in possession of those facts establishing the existence of the defense all along, and no further discovery is needed on the point. The parties can simply brief the defense of statute of limitations as part of summary judgment.

21. To the extent Plaintiff will claim the amendment is futile, such an argument is meritless. Denial of leave to amend based on futility is appropriate only where the defense is so legally insufficient that it would not even survive a motion to strike under Rule 12(f). *Scott v. City of Sioux City*, 23 F. Fupp. 3d 1017, 1022 (N.D. Iowa 2014). Considering that affirmative defenses need not comply even with the *Twombly/Iqbal* standard of pleading, *see Kehrer Bros. Const., Inc. v. Intercoastal Roofing Solutions, LLC*, 2014 WL 11514682, at *2-3 (S.D. Iowa 2014), this is a very high bar for a plaintiff to show. *See Scott*, 23 F. Supp. 3d at 1022 (finding futility of affirmative defense only where Eighth Circuit precedent directly foreclosed it).

22. Here, Eighth Circuit precedent clearly supports that the statute of limitations applies to bar all portions of Plaintiff's claims predicated on alleged acts of deliberate indifference on ISU's part that occurred prior to September 9, 2014. Furthermore, to sustain any claim predicated on events after September 9, 2014, Plaintiff must muster evidence to show not simply that ISU failed to remediate the effects of her sexual assault after that date but, instead, that she continued to suffer further sexual harassment. *See Stanley v. Tr. Of Cal. State Univ.*,

433 F.3d 1129, 1137 (9th Cir. 2006) (finding entire Title IX claim barred by statute of limitations where plaintiff "has not alleged that the University caused her to undergo, or be vulnerable to, any harassment *during the limitations period* . . . ." (emphasis added)). Thus, far from suggesting that ISU's statute of limitations defense clearly fails, the case law suggests it is clearly meritorious and will bar Plaintiff's claims in substantial part, if not entirely.

23. Prior to filing this motion, counsel for ISU consulted with counsel for Plaintiff, who indicated Plaintiff opposes ISU's request to add the defense of statute of limitations.

**Wherefore**, ISU respectfully moves this Court to allow it to seek leave to amend outside the time set by the Scheduling Order and to grant its request to amend its Answer to include the new affirmative defense of statute of limitations, as specified as Affirmative Defense #12 in the attached proposed First Amended Answer.

Respectfully submitted,

**THOMAS J. MILLER**
Attorney General of Iowa

**/s/ WILLIAM R. PEARSON**
**WILLIAM R. PEARSON**
**NATASHA N. WILSON**
Assistant Attorney General
Hoover Building, Second Floor
1305 E. Walnut Street
Des Moines, IA 50319
Tel. (515) 242-6773
Fax (515) 281-4902
william.pearson@iowa.gov
*Attorneys for Defendant*