**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| **MELISSA MAHER**,<br><br>           Plaintiff,<br>v.<br><br>**IOWA STATE UNIVERSITY**,<br>           Defendant. | **NO. 4:16 CV 00570**<br><br>**DEFENDANT'S APPEARANCE AND FIRST AMENDED ANSWER** |

COMES NOW Defendant, Iowa State University ("ISU") and in support of this Appearance and Answer states:

1. Paragraph 1 is admitted to the extent Plaintiff was a student at Iowa State University and denied as to the remainder for lack of knowledge.

2. Paragraph 2 is admitted.

3. Paragraph 3 is admitted.

4. Paragraph 4 is admitted.

5. Paragraph 5 is admitted.

6. Paragraph 6 is denied.

7. Paragraph 7 is admitted.

8. Paragraph 8 is denied.

9. Paragraph 9 is denied for lack of knowledge.

10. Paragraph 10 is admitted that Plaintiff withdrew from ISU and denied as to the remainder for lack of knowledge.

11. Paragraph 11 is admitted.

12. Paragraph 12 is admitted.

13. Paragraph 13 is denied.

14. Paragraph 14 is denied.

15. Paragraph 15 is admitted that Plaintiff was advised to contact the Dean's office regarding a tuition refund and denied as to the remainder for lack of knowledge.

16. Paragraph 16 is denied.

17. Paragraph 17 is admitted.

18. Paragraph 18 is denied.

19. Paragraph 19 is denied.

20. Paragraph 20 is admitted that Defendant identified campus resources available to Plaintiff and denied as to the remainder for lack of knowledge.

21. Paragraph 21 is denied for lack of knowledge.

22. Paragraph 22 is admitted to the extent Plaintiff identified the assailant to the Office of Equal Opportunity and denied as to the remainder for lack of knowledge.

23. Paragraph 23 is denied and denied for lack of knowledge.

24. Paragraph 24 is admitted.

25. Paragraph 25 is admitted to the extent ISU Police investigated in the fall of 2014 and denied as to the remainder.

26. Paragraph 26 is denied.

27. Paragraph 27 is admitted.

28. Paragraph 28 is admitted.

29. Paragraph 29 is admitted.

30. Paragraph 30 is admitted that Defendant discussed Plaintiff's housing arrangements with her and its proximity to the then alleged assailant and denied as to the remainder for lack of knowledge.

31. Paragraph 31 is denied for lack of knowledge.

32. Paragraph 32 is denied for lack of knowledge.

33. Paragraph 33 is denied for lack of knowledge.

34. Paragraph 34 is denied for lack of knowledge.

35. Paragraph 35 is denied.

36. Paragraph 36 is admitted to the extent Defendant offered to move Plaintiff and denied and denied as to the remainder for lack of knowledge.

37. Paragraph 37 is denied for lack of knowledge.

38. Paragraph 38 is denied.

39. Paragraph 39 is admitted.

40. Paragraph 40 is denied.

41. Paragraph 41 is admitted to the extent Defendant interviewed a number of witnesses within the 30 day period following the identification of the assailant and denied as to the remainder for lack of knowledge as to Plaintiff's meaning of "most relevant."

42. Paragraph 42 is admitted to the extent there was a period of decreased activity due to witness unavailability, resulting in a second round of interviews and denied as to the remainder.

43. Paragraph 43 is denied and denied for lack of knowledge as to Plaintiff's meaning of "substantial substantive information."

44. Paragraph 44 is denied for lack of knowledge.

45. Paragraph 45 is admitted.

46. Paragraph 46 is admitted that Defendant sent a letter to Plaintiff regarding past due payments in January 2015 and denied as to the remainder for lack of knowledge.

47. Paragraph 47 is denied for lack of knowledge.

**COUNT I CERTIFICATION UNDER IA CODE 669.5**

48. Paragraph 48 is admitted to the extent Plaintiff filed a "State Appeal Board Claim Form" on October 12, 2015 and is denied and denied as to the remainder for lack for knowledge.

49. Paragraph 49 is denied.

50. Paragraph 50 is admitted to the extent Plaintiff withdrew her claim pursuant to Iowa Code §669.5 and is denied and denied as to the remainder for lack for knowledge.

51. Paragraph 51 is admitted to the extent Plaintiff requested a certification that actions taken by ISU employees were within the scope of the office and employment of the State employees pursuant to Iowa Code §669.5 and is denied as to the remainder.

52. Paragraph 52 is denied.

**COUNT II DENIAL OF BENEFITS**

53. Paragraph 53 is answered as set forth in the corresponding paragraphs above.

54. Paragraph 54 is denied.

55. Paragraph 55 is denied.

56. Paragraph 56 is denied.

57. Paragraph 57 is denied and denied for lack of knowledge.

58. Paragraph 58 is denied.

59. Paragraph 59 is denied.

**AFFIRMATIVE DEFENSES**

At this early stage of litigation, Defendants believe that the facts may support some or all of the following affirmative defenses, to the extent that:

1. **Prompt and Effective Action**: Defendant cannot be found to have violated Title IX because it had policies designed to prevent and correct harassment and, upon notice of

the alleged sexual assault in Plaintiff's complaint, Defendant took prompt and effective action to respond to Plaintiff's report under the circumstances.

2. **Intervening Acts of Third Parties**: To the extent Plaintiff sustained injuries and incurred any expenses as claimed, they were caused in whole or in part by the acts or omissions of others for whose intervening conduct or negligence Defendant is not responsible.

3. **Foreseeability**: Injury to Plaintiff was not foreseeable as a matter of law.

4. **Superseding Cause**: Any injury to Plaintiff was caused by the act of third persons, which by their intervention prevents Defendant from being liable for harm to Plaintiff.

5. **No Causal Link**: Defendant did not cause harm to Plaintiff.

6. **No Special Relationship/No Duty**: Defendant had no special relationship under the law with Plaintiff. Defendant has no duty under common law negligence theories to Plaintiff.

7. **Sovereign Immunity**: Defendant retains sovereign immunity for some or all of Plaintiff's claims.

8. **Sole Fault of a Non-Party**: Any harm to Plaintiff was caused by the conduct of a third party, namely the assailant she accuses of sexual assault in her complaint, by their negligent or intentional conduct related to obtaining consent.

9. **Failure to Exhaust**: Plaintiff has failed to exhaust her remedies for some or all of her claims.

10. **Failure to State a Claim**: Some or all of Plaintiff's causes fail to state a claim for which relief may be granted under the circumstances.

11. **Failure to Mitigate Damages**: Plaintiff has failed to mitigate her damages.

12. **Statute of Limitations:** Plaintiff's claims are barred in whole or in part insofar as Plaintiff's claims are predicated on alleged acts of Defendant that occurred outside the applicable limitations period and for which Plaintiff had actual or constructive knowledge.

13. **Additional Affirmative Defenses**: Defendant reserves the right to assert additional affirmative defenses as additional information comes to light as allowed by law.

**WHEREFORE**, Defendant requests the Court to dismiss Plaintiff's Petition and assess the costs of this action to Plaintiff.

Dated: October 6, 2017

Respectfully submitted,

**THOMAS J. MILLER**
Attorney General of Iowa

**/s/ WILLIAM R. PEARSON**
**WILLIAM R. PEARSON**
**NATASHA N. WILSON**
Assistant Attorney General
Hoover Building, Second Floor
1305 E. Walnut Street
Des Moines, IA 50319
Tel. (515) 242-6773
Fax (515) 281-4902
william.pearson@iowa.gov
*Attorneys for Defendant*